**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| FLORETTA RESPRESS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CIVIL ACTION NO. 5:12-CV-296 (MTT) |
| ) | |
| CRAWFORD COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on pro se Plaintiff Floretta Respress' Motion for
Reconsideration.  (Doc. 6).  The Motion seeks to overturn the August 20, 2012, Order of
this Court, which dismissed the Plaintiff's case because her Title VII claims were not
timely filed with the EEOC.  (Doc. 4).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a
matter of routine practice."  M.D. Ga., L.R. 7.6.  "Reconsideration is appropriate only if
the movant demonstrates (1) that there has been an intervening change in the law, (2)
that new evidence has been discovered which was not previously available to the
parties in the exercise of due diligence, or (3) that the court made a clear error of law."
*Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks
and citation omitted).  "In order to demonstrate clear error, the party moving for
reconsideration must do more than simply restate [her] prior arguments, and any

arguments which the party inadvertently failed to raise earlier are deemed waived."

McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met her burden.  She has not alleged an intervening

change in the law nor presented new evidence previously not available to her, and the

Court is not persuaded its previous ruling was clearly erroneous.  Accordingly, the

Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 12th day of September, 2012.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT