IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FLORETTA RESPRESS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-296 (MTT) |
| | ) |
| **CRAWFORD COUNTY BOARD OF EDUCATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Floretta Respress' Motion for Reconsideration. (Doc. 6). The Motion seeks to overturn the August 20, 2012, Order of this Court, which dismissed the Plaintiff's case because her Title VII claims were not timely filed with the EEOC. (Doc. 4).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [her] prior arguments, and any

arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met her burden. She has not alleged an intervening change in the law nor presented new evidence previously not available to her, and the Court is not persuaded its previous ruling was clearly erroneous. Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 12th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT